■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER CREASEY, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of Special Term, Supreme Court, Clinton County. In the course of a trial of the relator for murder in the first degree in the Court of General Sessions a witness for the People described her visit with police to the rogue's gallery "to look at pictures of" the relator. She added "and we found the picture of him". The record shows that upon this statement being made the Trial Judge immediately called all counsel to a conference, at the end of which the court said to counsel for relator: "Make your motion or I will declare it myself." Whereupon relator's attorney made a motion for a mistrial which was granted. Thereafter the relator entered a plea of guilty to murder in the second degree on motion of his counsel for permission to withdraw his former plea of not guilty of murder in the first degree, the acceptance of which was recommended by the District Attorney. In a series of questions directed by the court directly to relator it was elicited from relator that he had discussed the matter of plea with his attorney and that it was his personal wish to plead guilty to murder in the second degree on full reflection and of his own free will. By the writ of habeas corpus relator presents the argument that the court was without jurisdiction to take his plea and enter judgment because he had been in jeopardy when the mistrial was directed, and his lawyer had been coerced into making a motion for mistrial which was without relator's consent. If the Trial Judge had been of opinion that the statement of the witness was prejudicial to a fair trial to defendant he could have ordered a mistrial in the interests of justice without motion. Where a witness volunteers to say that a photograph of a man charged with murder in the first degree was found in the rogue's gallery it can scarcely be said that he would not be prejudiced. The minutes do not indicate that counsel was coerced by the court; they show merely that if counsel for defendant had not made a motion for a mistrial the court would have declared one. Such a motion was immediately made and the mistrial declared. This did not, it seems to us, deprive the court of jurisdiction to enter the judgment of conviction thereafter on relator's plea of guilty. Order dismissing writ unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.